1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12

| | |
|---|---|
| KENNETH KRANTZ, | 1:11-cv-01334-DLB (HC) |
|             Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
|    v. | |
| JAMES D. HARTLEY, | [Doc. 1] |
|             Respondent. | |
| _____/ | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

     Petitioner filed the instant petition for writ of habeas corpus on August 1, 2011, in the United States District Court for the Eastern District of California, Sacramento Division.  On August 12, 2011, the petition was transferred to this Court.

     On August 24, 2011, the Court issued an order to show cause why the petition should not be dismissed for lack of subject matter jurisdiction.

     Petitioner filed a response on September 22, 2011.  Petitioner is challenging the Board of Parole Hearings' 2009 decision finding him unsuitable for release.

     As set forth in the Court's August 24, 2011, order to show cause, this Court's review of a parole denial is now limited to determining whether the state afforded the "minimal" procedural protections guaranteed by the Due Process Clause.  Swarthout v. Cooke, __ U.S. __, 131 S.Ct. 859, 862 (2011).  The procedural protections include the following: (1) access to the record in advance of the hearing; (2) the opportunity to speak and be heard at the hearing; (3) ability to

1   contest the evidence at the hearing; and (4) notification of the reasons why parole was denied.  Id.

2        In his response, Petitioner does not argue that he did not receive the procedural

3   guarantees set forth in Swarthout; rather, Petitioner appears to challenge the Supreme Court's

4   decision in Swarthout and argues the Court misconstrued California's parole system which has

5   resulted in a due process violation.  The Supreme Court has issued a clear ruling in Swarthout

6   and this Court is not free to disregard it.  A review of the transcript of the 2009 parole hearing

7   demonstrates that Petitioner was present at his parole hearing, was given an opportunity to be

8   heard, and was provided a statement of reasons for the parole board's decision. (See ECF-No. 11,

9   Ex. A.)  Per the Supreme Court, this is "the beginning and the end of the federal habeas courts'

10  inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862.  "The

11  Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.  Therefore, the instant

12  petition does not present cognizable claims for relief and should be denied.

13                                    ORDER

14        Based on the foregoing, it is HEREBY ORDERED that:

15        1.    The instant petition for writ of habeas corpus is DISMISSED;

16        2.    The Clerk of Court is directed to terminate this action; and

17        3.    The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c);

18              Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where

19              the applicant has made "a substantial showing of the denial of a constitutional

20              right," i.e., when "reasonable jurists would find the district court's assessment of

21              the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926,

22              943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable

23              jurists would not find this Court's decision denying Petitioner's petition for writ

24              of habeas corpus to be not "objectively unreasonable."

25        IT IS SO ORDERED.

26   Dated:    October 5, 2011          _____/s/ Dennis L. Beck_____
                                        UNITED STATES MAGISTRATE JUDGE

27

28